### OHIO BROADCASTING CORP v WILLIAMSON et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 3, 1933

Manchester, Ford, Bennett & Powers, Youngstown, and Barnum, Hammond, Stephens & Hoyt, Youngstown, for plaintiff.

Henderson, Mason & Waller, Youngstown, for defendants.

## OPINION

By POLLOCK, J.

The basis of this claim is the agreement which we referred to in the former case between these parties, contained in what is known as the trust agreement in regard to the stock, in which it was provided that in the sale or purchase by either party that party should offer to sell or purchase from the other and the other should accept the offer to sell or offer to purchase the other's stock. After the proceedings to purchase in the former case, the corporation continued, and on March 21, 1932, the Board of Directors again provided for the sale of forty-five shares of the corporation stock in the treasury to the stockholders at one hundred dollars a share. After this offer was made, the defendants in this action, the Williamsons, elected to take their 22½ shares, and paid for them, making them after that time holders of 120 shares in this corporation. There was a time fixed in which each one of these parties had a right to take one half of the stock. After this limit had expired and the Ohio Broadcasting Corporation not having elected to take its share, the Williamsons, or Williamson, Sr., indicated his intention to purchase the remaining 22½ shares, but before he could purchase these shares the Ohio Broadcasting Corporation brought an action in the Court of Common Pleas of this county, alleging that it had not had time to examine the books of the company to ascertain whether it should purchase its share of the stock or not, and asking for a temporary restraining order restraining the defendants in this action from purchasing or selling any stock, or the corporation from selling any stock to anyone except this plaintiff. The temporary restraining order was issued by the court and after the issue of that order the defendants filed a motion to dissolve the temporary restraining order. This was set for hearing on May 21, 1932, at which time the plaintiff, the Ohio Broadcasting Corporation, dismissed the action,

and on the same day sent to the defendants a proposition under this basic agreement contained in the trust agreement to purchase the defendants' stock at $133.33-1/3 a share. The plaintiff recites in its letter offering to purchase that it understood that the Williamsons had 120 shares of this stock and that the Ohio Broadcasting Corporation had the remainder of the stock issue, and offering to purchase 120 shares of the stock owned by the defendants, directing that the Williamsons should, if they wished to sell their stock, deposit the stock in the Union National Bank in escrow. In answer to this letter the Williamsons notified them that they would not accept this offer. The defendants in that notice called attention also to the provisions requiring the one that wished to sell or purchase, to make an offer to the other party to sell or purchase, that the plaintiff had not offered to sell its stock at the same price. It is not now claimed by the defendants that it was necessary for plaintiff to offer to sell at the same price. At least we do not think it was necessary. All the plaintiffs had to do was to offer to purchase rather than to sell. The defendants claim that the time limit for the plaintiff to purchase its share of the 45 shares offered had expired before the injunction action was filed, that the plaintiff had not elected to purchase its quota of half of the 45 shares, and that Williamson, Sr., had offered and was prepared to pay for these shares when the Ohio Broadcasting Corporation brought the action in the Court of Common Pleas, alleging that it had not had time to examine the books of the company to know whether it would purchase the property or not, and asking that defendants be enjoined from selling this property to anyone else, as we have referred to, and that Williamson, Sr., was prevented by this action from purchasing this property, and gave that as a reason why he would not accept plaintiff's offer to purchase, and that offer was not properly made, because Williamson, Sr., had a right to have the 22½ shares more that had not been issued to him, making 142½ shares owned by defendants. We do not think that defendants could claim that they owned the 22½ shares.

There was another provision of this offer which defendants objected to, and that was, in substance, that plaintiff's offer to purchase was not a cash payment. The offer made by the Broadcasting Corporation to purchase, so far as the payment is concerned, is contained in the last clause of the

offer to purchase by the Ohio Broadcasting Corporation, which reads as follows:

"Should you elect to accept this offer, please deposit the stock certificates representing the 120 shares which we are offering to purchase, endorsed in blank, with the Union National Bank in escrow, to be held by them until said purchase price is paid, which we will pay within ten days after such deposit."

In other words, it is objected by the Williamsons that this is not a cash offer, that they were required to deposit their stock with this bank for at least ten days, and then within ten days plaintiff would pay for the stock. It was urged that under the provision in the trust agreement plaintiff could only require the defendants to sell their stock upon the proposition that the payment was to be in cash on delivery of the stock.

Our attention is called to §8422 GC: "Unless otherwise agreed, delivery of the goods and payment of the price are concurrent conditions, that is to say, the seller must be ready and willing to give possession of the goods to the buyer in exchange for the price, and the buyer must be ready and willing to pay the price in exchange for possession of the goods."

So that under the Code it was necessary for plaintiff to be ready upon the delivery by defendants of the stock to pay, and plaintiff's offer at least does not come technically under this provision. These parties were at that time at arm's length. Each one was relying on his legal rights strictly, and this offer to purchase does not comply strictly with the agreement between plaintiff and defendants. After this time, on May 31st, there was another communication from the Ohio Broadcasting Corporation in regard to this transaction to the defendants, in which it called attention to certain provisions, and then it alleges it is able and willing to pay and will perform within two days, but that was not plaintiff's first offer. If it is considered a second offer the Williamsons had by that time elected to buy and had paid for the 22½ shares more, which was not included in the offer.

We come to the question whether or not under these written statements, in fact without referring any further to the testimony, the court should decree under these facts specific performance of this contract. The right to a decree of specific perform-

ance of a contract is within the sound discretion of the court, especially when it refers to property of this kind and not real estate. We will refer to a paragraph in the case of City of Tiffin v Shawhan, in the opinion on page 183:

"The duty of a court to decree specific performance of a contract can not be determined by an iron rule, but depends upon the peculiar facts and equitable considerations of each case, and rests in the sound discretion of the court, guided and regulated, so far as may be, in the exercise of that discretion by precedent and established practice."

Under this rule, and it is the rule governing courts of equity in specific performance of a contract, we do not think that the plaintiffs in this case should in equity have a decree of specific performance. It first enjoined the defendants from purchasing shares of stock which were offered for sale, and then when it came on for hearing it dismissed that action and made this offer to purchase.

The judgment in this case is in favor of the defendants, not requiring the decree of sale of this property under the offer.

Judgment for defendants.

FARR and ROBERTS, JJ, concur in the judgment.